UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

NOE POPOCA,

    Plaintiff (s),

v.

SIMPSON ENVIRONMENTAL
SERVICES, LLC

    Defendant,

_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff Noe Popoca, by and through the undersigned counsel, and hereby sues Defendant Simpson Environmental Services, LLC, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid overtime hours under the United States laws. Jurisdiction is conferred on the Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. §201-219 (Section 216 (b) for jurisdictional placement).

2. Plaintiff was a resident of Dade City, Pasco County, Florida, within this Honorable Court jurisdiction. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Simpson Environmental Services, LLC (hereinafter, Simpson Environmental Services, or Defendant) is a Florida corporation, having a place of business in Pasco County, Florida, within this Honorable Court jurisdiction. Defendant was and is engaged in interstate commerce.

4. All the actions raised in this Complaint took place in Pasco County, Florida, within this Court's jurisdiction.

## General Allegations

5. Plaintiff Noe Popoca brings this cause of action as a collective action to recover from the Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"). Plaintiff brings this action also on behalf of all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after June 2020, (the "material time") without being adequately compensated.

6. Defendant Simpson Environmental Services is a general contractor providing environmental remediation services to commercial accounts.

    Defendants specialized in demolitions, a/c duct cleaning, asbestos and lead paint removal, mold removal, etc.

7. Defendant has facilities located at 335 Pineda Court, Suite 101-104, Melbourne, FL 32940.

8. Defendant Simpson Environmental Services employed Plaintiff NOE POPOCA as a non-exempted, full-time hourly employee from approximately June 15, 2020, to March 12, 2021, or 38 weeks.

9. Plaintiff had a wage rate of $15.00 an hour.  Plaintiff's overtime rate was $22.50 an hour.

10. Plaintiff had duties as a duct cleaner, mold remover, paint remover, asbestos remover, and general environmental cleaning employee.

11. During his time of employment with Defendant, Plaintiff had an extremely irregular schedule. Plaintiff worked 5, 6, or 7 days per week. Plaintiff worked morning, afternoon, and night shifts.

12. Plaintiff regularly worked more than 40 hours per week.  Plaintiff was paid 40 regular hours plus overtime hours at the rate of $22.50 an hour.  However, Plaintiff never agreed with the number of overtime hours paid to him.

13. Plaintiff alleges that Defendant deducted 1 or more hours per day, resulting in a minimum of 5 or more unpaid overtime hours, depending on the number of days worked.  These 5 or more hours did not belong to lunch

hours, since Plaintiff could not take bonafide lunch breaks.

14. In addition, Plaintiff was required to travel to remote worksites to perform cleaning work. Plaintiff spent several hours traveling away from home within Florida and Georgia, but Defendant did not count this travel time as hours worked and did not pay Plaintiff. This unpaid travel time constitutes additional unpaid overtime hours.

15. Plaintiff did not clock in and out, but he worked under Defendant's supervisors' supervision, and Defendant was able to track the hours worked by Plaintiff and other similarly situated individuals.

16. Plaintiff did not have access to check the number of hours worked in a week, and due to his irregular schedule, it was complicated for him to take note of the total hours worked. Plaintiff disagreed and got disappointed every time he received direct deposits and paystubs showing less than the hours he expected to be paid.

17. While employed by Defendant, Plaintiff worked overtime hours that were not paid to him at any rate, not even at that minimum wage rate as required by the FLSA.

18. Therefore, Defendant willfully failed to pay Plaintiff for overtime hours at the rate of time and one-half her regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act

of 1938 (29 U.S.C. 207(a)(1).

19. Plaintiff was paid weekly by direct deposits and was provided with paystubs that did not show the number of days and the correct number of hours worked every week.

20. Contrary to the Company's safety policies, on or about March 12, 2021, Defendant Simpson Environmental Services fired Plaintiff because he refused to work without a safety harness at 20 feet above the ground.

21. Plaintiff Noe Popoca seeks to recover overtime wages accumulated during his entire employment period with Defendant, liquidated damages, and any other relief allowable by law.

## Collective Action Allegations

22. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

23. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay the Plaintiff and other similarly situated individuals the proper compensation for overtime hours every at the rate of time and one-half their regular rate.

24. The additional persons who may become Plaintiffs in this action are weekly-paid employees and former employees of Defendant who are and were subject to the unlawful payroll practices and procedures of Defendant and

were not paid regular and overtime hours at the rate of time and one half their regular rate of pay for every hour worked over forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME

25. Plaintiff re-adopts every factual allegation as stated in paragraphs 1-24 above as set out in full herein.

26. Plaintiff Noe Popoca brings this cause of action as a collective action to recover from the Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after January 2021, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

27. The Employer Defendant Simpson Environmental Services was a general contractor providing environmental cleaning to commercial accounts and is engaged in interstate commerce as defined in §3(s) of the Act, 29 U.S.C. § 203(s)(1)(B). Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this

Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is enterprise coverage.

28. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce within the meaning of the FLSA. Also, Plaintiff handled and worked on goods and materials and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

29. For the reasons stated above, Defendant Simpson Environmental Services must comply with the overtime requirements of the FLSA.

30. Defendant Simpson Environmental Services employed Plaintiff NOE POPOCA as a non-exempted, full-time hourly employee from approximately June 15, 2020, to March 12, 2021, or 38 weeks.

31. Plaintiff was hired as an environmental cleaning employee, and he had a

wage rate of $15.00 an hour.  Plaintiff's overtime rate was $22.50 an hour.

32. During his time of employment with Defendant, Plaintiff had an extremely irregular schedule. Plaintiff worked 5, 6, or 7 days per week. Plaintiff worked morning, afternoon, and night shifts.

33. Plaintiff regularly worked more than 40 hours per week.  Plaintiff was paid 40 regular hours plus some overtime hours at the rate of $22.50 an hour.

34. However, Plaintiff alleges that Defendant did not pay him for a minimum of 5 overtime hours every week.

35. These 5 or more hours did not belong to lunch hours, since Plaintiff could not take bonafide lunch breaks.

36. Plaintiff did not clock in and out, but he worked under Defendant's supervisors' supervision, and Defendant was able to track the hours worked by Plaintiff and other similarly situated individuals.

37. Plaintiff did not have access to check the number of hours worked in a week.

38. While employed by Defendant, Plaintiff worked overtime hours that were not paid to him at any rate, not even at that minimum wage rate as required by the FLSA.

39. Therefore, Defendant willfully failed to pay Plaintiff for overtime hours at the rate of time and one-half her regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act

of 1938 (29 U.S.C. 207(a)(1).

40. Plaintiff was paid weekly by direct deposits and was provided with paystubs that did not show the number of days and the correct number of hours worked every week.

41. The records, if any, concerning the number of hours worked by the Plaintiff and those similarly situated and the compensation paid to such employees should be in the Defendant's possession and custody.  However, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

42. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

43. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments.

44. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

45. Before the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, is as follows:

\* Please note that these amounts are based on a preliminary calculation. Travel time is not included. After proper discovery, Plaintiff will adjust his statement of claim.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

      Four Thousand Two Hundred Seventy-Five Dollars and 00/100 ($4,275.00)

    b. <u>Calculation of such wages</u>:

      Total period of employment: 38 weeks
      Relevant weeks of employment:  38 weeks

      Total unpaid O/T hours: 5 O/T hours weekly
      Wage rate:  $15.00 an hour x 1.5= $22.50
      O/T rate: $22.50

      O/T rate $22.50 x 5 O/T hours=$112.50 weekly x 38
      Weeks = $4,275.00

   This amount represents unpaid overtime wages.

46. At all times, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act, but no provision was made by Defendant to pay them at the rate of time properly and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

47. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly situated employee's employment with Defendant as set forth

above, and Plaintiff and those similarly situated are entitled to recover double damages.

48. Defendant Simpson Environmental Services willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

49. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

## Prayer for Relief

WHEREFORE, Plaintiff Noe Popoca and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff Noe Popoca and other similarly situated individuals and against the Defendant Simpson Environmental Services, based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff Noe Popoca actual damages in the amount shown to be due for unpaid overtime compensation for hours worked over forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

Demand for a Jury Trial

Plaintiff Noe Popoca demands trial by a jury of all issues triable as of right by a jury.

Dated: March 31, 2021

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:    (305) 446-1500
Facsimile:    (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*