UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NOE POPOCA,

Plaintiff,

v. Case No: 8:21-cv-778-TPB-JSS

SIMPSON ENVIRONMENTAL SERVICES, LLC,

Defendant.
___________________________________/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Motion for Default Judgment ("Motion"). (Dkt. 8.) Upon consideration and for the reasons that follow, the Court recommends that the Motion be granted in part and denied in part.

## BACKGROUND

Noe Popoca ("Plaintiff") brings this action against Simpson Environmental Services, LLC ("Defendant") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219. (Dkt. 1.) Plaintiff served Defendant with the Complaint on April 5, 2021 and subsequently filed proof of service. (Dkt. 5.) Defendant failed to answer the Complaint. The Clerk entered default against Defendant on June 30, 2021. (Dkt. 7.)

In this Motion, Plaintiff moves for default judgment against Defendant.[1] (Dkt. 8.) Plaintiff seeks $10,260 in damages, an equal amount in liquidated damages, $5,480.00 in attorneys' fees, and $502.00 in costs as the prevailing party. (Dkt. 8 at 4.) Defendant has not appeared, answered the Complaint, responded to the Motion, or otherwise defended against Plaintiff's claims in this action.

## APPLICABLE STANDARDS

When a party fails to plead or otherwise defend against an action for affirmative relief, the clerk of the court must enter a default against the party against whom the judgment was sought. Fed. R. Civ. P. 55(a); *see also* Fed. R. Civ. P. 12(a)(1)(A)(i) (providing that a defendant must respond within twenty-one days after being served with the summons and complaint). If the plaintiff's claim is for a sum certain or an ascertainable sum, then the clerk, upon the plaintiff's request and upon an affidavit of the amount due, must enter a judgment by default. Fed. R. Civ. P. 55(b)(1). In all other cases, the party entitled to judgment must apply to the district court for a default judgment. Fed. R. Civ. P. 55(b)(2). A court may enter a default judgment against a

[1] In the Complaint, Plaintiff seeks relief on behalf of himself and other similarly situated individuals. (Dkt. 1.) The FLSA requires written consent to become a plaintiff in a FLSA action. 29 U.S.C. § 216(b); *Anderson v. Cagle's Inc.*, 488 F.3d 945, 950 n.3 (11th Cir. 2007) ("Unlike class actions governed by Rule 23 of the Federal Rules of Civil Procedure, in which potential class members may choose to opt out of the action, FLSA collective actions require potential class members to notify the court of their desire to opt in to the action."). No additional plaintiffs have elected to opt in to this litigation and Plaintiff moves for relief only on his own behalf. (Dkt. 8.) Accordingly, the undersigned recommends that the Court dismiss the collective action allegations. *Ramirez v. Raptor Tech. Grp., Inc.*, No. 5:12-cv-100-OC-34TBS, 2012 WL 2589256, at *1 n.2 (M.D. Fla. June 8, 2012), *report and recommendation adopted,* No. 5:12-cv-100-OC-34TBS, 2012 WL 2586220 (M.D. Fla. July 3, 2012); *Girke v. Camillo Home Builders of Orlando, LLC*, No. 6:08-cv-461-ORL-28KRS, 2008 WL 2700014, at *1 n.1 (M.D. Fla. July 9, 2008).

defendant who never appears or answers a complaint, "for in such circumstances the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).

Furthermore, a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005); *Nishimatsu Constr. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[2] However, "before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (emphasis omitted). Therefore, in considering whether to enter default judgment, the court must first determine whether the complaint states a claim for relief. In addition to the pleadings, the Court may also consider evidence presented in support of the motion for default judgment, including affidavits. *Equal Emp't Opportunity Comm'n v. Titan Waste Servs. Inc.*, No. 3:10-cv-379-MCR-EMT, 2014 WL 931010, at *6 (N.D. Fla. Mar. 10, 2014); *cf. Super Stop No. 701, Inc. v. BP Prod. N. Am. Inc.*, No. 08-61389-civ, 2009 WL 5068532, at *2 n.4 (S.D. Fla. Dec. 17, 2009) (noting that "unchallenged affidavits are routinely used to establish liability and damages" for default judgment).

---

[2] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent the decisions the former Fifth Circuit rendered prior to October 1, 1981.

## ANALYSIS

### A. Service of Process

In seeking a default judgment, Plaintiff bears the burden of establishing proper service of the Complaint. *See Rajotte v. Fabco Metal Prod., LLC*, No. 6:12-cv-372-ORL-28, 2012 WL 6765731, at *2 (M.D. Fla. Dec. 13, 2012), *report and recommendation adopted,* No. 6:12-cv-372-ORL-28, 2013 WL 57722 (M.D. Fla. Jan. 4, 2013) (denying motion for default judgment without prejudice due to improper service). Even if a defaulting defendant has actual notice of the action, "[i]nsufficient or improper service cannot support the entry of a default judgment." *Opella v. Rullan*, No. 10-civ-21134, 2011 WL 2600707, at *4 (S.D. Fla. June 29, 2011), *report and recommendation adopted,* No. 10-civ-21134, 2011 WL 13220496 (S.D. Fla. Aug. 9, 2011) (citing *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007)); *see Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of such service (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant.").

Plaintiff's Return of Service reflects service of process by personal delivery to Defendant's registered agent. (Dkt. 5.) Federal Rule of Civil Procedure 4(h)(1)(B) provides that a limited liability company, such as Defendant, may be served by delivering a copy of the summons and complaint to the entity's registered agent. Thus, Plaintiff properly effected service on Defendant.

**B. Liability**

In the Complaint, Plaintiff alleges that Defendant failed to pay him required overtime compensation. (Dkt. 1 ¶¶ 25–49.) With limited exceptions not applicable here, the FLSA provides that an employee engaged in interstate commerce must be paid overtime wages of one and one-half times the regular rate of pay for hours worked over forty hours per week. 29 U.S.C. § 207(a)(2); *see Moser v. Action Towing Inc of Tampa*, No. 8:16-cv-420-T-35JSS, 2017 WL 10276702, at *2 (M.D. Fla. Feb. 6, 2017) ("[W]hether an exemption applies is not at issue in this case due to Defendant's default because the burden is on an employer seeking the exemption to prove that the employee falls within the exemption."). To establish a claim for unpaid overtime wages under the FLSA, Plaintiff must demonstrate that (1) Defendant employed Plaintiff; (2) Defendant was an enterprise engaged in interstate commerce; (3) Plaintiff worked in excess of 40 hours per week; and (4) Defendant failed to pay Plaintiff overtime wages. 29 U.S.C. § 207(a): *Morgan v. Fam. Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008); *Sanchez v. Grundy Pizza, Inc.*, No. 6:16-cv-596-ORL-31GJK, 2017 WL 693348, at *3 (M.D. Fla. Feb. 2, 2017), *report and recommendation adopted,* No. 6:16-cv-596-ORL-31GJK, 2017 WL 680066 (M.D. Fla. Feb. 21, 2017).

Plaintiff alleges facts supporting each element of his claim for unpaid overtime wages. First, Plaintiff contends that Defendant employed him full-time for 38 weeks. (Dkt. 1 ¶ 30.) Additionally, Plaintiff asserts that Defendant was engaged in interstate commerce during his employment. (*Id.* ¶¶ 27–28.) Finally, Plaintiff alleges that he worked over 40 hours each week of his employment but was not paid for those

overtime hours. (*Id.* ¶¶ 9–17, 31–41, 45.) Defendant, through its default, admits these well-pleaded allegations. *See Cotton*, 402 F.3d at 1278 (providing that a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact). Therefore, it is recommended that Plaintiff established liability for Defendant under the FLSA for unpaid overtime wages.

**C. Damages**

As an initial matter, the undersigned finds, in its discretion, that a hearing is not required to determine Plaintiff's damages. A hearing is not required to determine a damages award if "sufficient evidence is submitted to support the request." *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008); *see Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911–12 (11th Cir. 2011); *Hamann*, 2021 WL 1931257, at *2; *Sanchez*, 2017 WL 693348, at *2. Here, Plaintiff submitted an affidavit in support of the Motion explaining his work schedule, hours worked, wages received, and period of unemployment. (Dkt. 8-1.)

Further, where an employer's records are inadequate and the employee sets forth evidence of the work performed to support a claim for unpaid wages, "the burden shifts to the employer to prove its claim or disprove the employee's, and upon failing to do so, the court can award damages to the employee even if the result is only approximate." *Etienne v. Inter-Cty. Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999); *Persiyantseva v. Saint Petersburg Mkt., LLC*, No. 17-22177-civ, 2018 WL 3730400, at *4 (S.D. Fla. May 3, 2018), *report and recommendation adopted,* No. 17-22177-civ, 2018 WL

3730223 (S.D. Fla. May 25, 2018) (holding that affidavit of approximate hours worked was sufficient to establish damages in light of defendant's default); *Edenfield v. Crib 4 Life, Inc.*, No. 6:13-cv-319-ORL-36, 2014 WL 1345389, at *4 (M.D. Fla. Apr. 4, 2014) ("Because [defendant] has not disproved [plaintiff's] evidence of the hours he worked, his approximation of the overtime hours worked is sufficient to establish the number of hours of overtime he worked."). Plaintiff presents sufficient evidence in support of the Motion for the undersigned to assess his damages request.

Plaintiff seeks to recover two types of unpaid overtime wages, "unpaid overtime" hours and "travel time" hours. (Dkt. 8-1.) Plaintiff alleges that during his 38 weeks of employment he regularly worked more than 40 hours per week. (Dkt. 1 ¶ 12.) According to Plaintiff, Defendant deducted at least one hour of time each day, for a total of five hours of overtime each week for which he did not receive overtime compensation. (Dkt. 8-1.) Plaintiff's hourly rate was $15.00 per hour, such that his overtime rate was $22.50. (*Id.*) Plaintiff's unpaid overtime during his 38 weeks of employment totals $4,275.[3] The undersigned therefore recommends that Plaintiff be awarded $4,275 in damages for unpaid overtime wages.

Plaintiff also seeks overtime compensation for travel time. (Dkt. 8-1.) Plaintiff alleges that during his employment by Defendant, he "was required to travel to remote worksites to perform cleaning work. [He] spent approximately 7 hours weekly traveling away from home within Florida and Georgia, but Defendant did not count

[3] An overtime rate of $22.50 per hour, for 5 hours per week, over 38 weeks of employment ($22.50 x 5 x 38).

this travel time as hours worked and did not pay [him] at all for these hours." (Dkts. 1 ¶ 14; 8-1.) Plaintiff does not provide any additional information regarding the nature of the travel in the Complaint or in his affidavit. Plaintiff also does not provide any legal authority to support the contention that this travel time is compensable under the FLSA.

"Section 4(a) of the Portal-to-Portal Act, 29 U.S.C. § 254(a), exempts certain activities from compensation under the FLSA." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1342 (11th Cir. 2007). Section 4(a) provides, in pertinent part, that the following activities are not compensable under the FLSA:

> (1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and
>
> (2) activities which are preliminary to or postliminary to said principal activity or activities,
>
> which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities.

29 U.S.C. § 254(a). Notwithstanding, such exempt activities may be compensable if provided for by contract or by "a custom or practice in effect, at the time of such activity, at the establishment or other place where such employee is employed." 29 U.S.C. § 254(b). In the Eleventh Circuit, the question of whether a particular activity falls within the Portal-to-Portal exemption "pivots on whether [the employee is] engaging in any work-related activity before arriving at their work sites." *Bonilla*, 487 F.3d at 1342. The Eleventh Circuit Court of Appeals explained that if an employee is

"merely traveling" to his or her "actual place of performance of the principal activities before beginning any work activity, then section 254(a)(1) exempts such traveling from compensation under the FLSA." *Id.* (punctuation and citation omitted). On the other hand, if the employee is "engaging in work-related activity that is 'integral and indispensable' to their work, then any travel afterwards is compensable." *Id.* (punctuation and citation omitted).

Here, Plaintiff does not plead facts in the Complaint or his supporting affidavit that the travel to and from the job sites was provided for by contract, custom, or practice. Additionally, based on Plaintiff's allegations, this travel was "home-to-work commute time" that "falls outside FLSA protection." *Shearer v. Edger Assocs. Inc.*, No. 8:14-cv-2689-T-27JSS, 2015 WL 9274928, at *4 (M.D. Fla. Dec. 18, 2015) (holding the one hour per day an employee spent commuting to work from home was not compensable overtime under the FLSA); *see Integrity Staffing Sols., Inc. v. Busk*, 574 U.S. 27, 35 (2014) (holding that time spent going through security screening at the end of a shift was not compensable time under the FLSA); *Roman v. Tyco Simplex Grinnell*, 732 F. App'x 813, 817 (11th Cir. 2018) (concluding that time spent traveling from home to first job site and last job site to home "is specifically exempted from FLSA overtime requirements"); *Bonilla*, 487 F.3d at 1343 (holding that time spent traveling on vehicles before and after security check point in order to reach work sites was exempt from FLSA); *Weaver v. Allstar Bldg. Materials, Inc.*, No. 6:08-cv-510-ORL-28KRS, 2009 WL 4041907, at *2 (M.D. Fla. Nov. 20, 2009) (holding that employee was not entitled to compensation for "time spent traveling to jobsites"). Therefore, the undersigned

recommends that Plaintiff's request for unpaid overtime damages for travel time be denied.

Plaintiff also seeks liquidated damages in an amount equal to his damage award. An employer under the FLSA is liable in the amount of unpaid overtime compensation "and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b); *see Joiner v. City of Macon*, 814 F.2d 1537, 1538–39 (11th Cir. 1987) (providing that "liquidated damages are mandatory absent a showing of good faith"). Therefore, the undersigned recommends that Plaintiff be awarded $4,275 in unpaid overtime compensation and liquidated damages in an additional equal amount, totaling $8,550.

**D. Attorney's Fees and Costs**

Plaintiff also seeks an award of $5,480 in attorney's fees and $502 in costs as the prevailing party under the FLSA. (Dkt. 8.) Plaintiff's Motion includes an affidavit from counsel setting forth his hourly rate, experience, and reputation, as well as an invoice detailing the time expended.[4] (Dkt. 8-2.) However, pursuant to Middle District of Florida Local Rule 7.01(a), a party seeking attorney's fees and nontaxable expenses must "obtain an order determining entitlement before providing a

[4] Other than counsel's assertions based on his personal knowledge and experience, Plaintiff has not submitted other evidence to establish the reasonableness of the requested hourly rate. *Pollock v. Move4All, Inc.*, No. 6:19-cv-130-ORL-31DCI, 2020 WL 5505389, at *3 (M.D. Fla. Aug. 21, 2020), *report and recommendation adopted,* No. 6:19-cv-130-ORL-31DCI, 2020 WL 5500213 (M.D. Fla. Sept. 11, 2020) (noting that "the affidavit of the attorney performing the work is generally not sufficient to carry the applicant's burden of establishing that the requested rate is in line with the prevailing market rates"). Although counsel states his hourly rate has been "consistently approved and deemed reasonable" by the Middle District of Florida, counsel does not cite to any authority to support this assertion. (Dkt. 8-2.)

supplemental motion on amount." In accordance with this bifurcated procedure, the undersigned will consider Plaintiff's entitlement to attorney's fees.

In addition to any judgment awarded to a prevailing plaintiff, the FLSA provides that the court "shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The entry of a default judgment entitles a plaintiff to reasonable attorney's fees and costs under the FLSA. *See Dionne v. Floormasters Enters., Inc.*, 667 F.3d 1199, 1205 (11th Cir. 2012). Costs are limited to those taxable costs permitted under 28 U.S.C. § 1920. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988). It is therefore recommended that Plaintiff is entitled to his reasonable attorney's fees and costs as the prevailing party in this FLSA action.

The bifurcated procedure in Local Rule 7.01(a) does not apply to taxable fees set forth in 28 U.S.C. § 1920. Plaintiff seeks costs of $402 for the filing fee, $75 for service of process, and $25 for copying. (Dkt. 8-2.) The filing fee is specifically taxable under 28 U.S.C. § 1920(1) and the undersigned recommends that the request be granted. Service fees are also taxable under § 1920(1), provided they do not exceed the statutory fee of $65.00 per person per hour for each item served. *Equal Emp't. Opportunity Comm'n v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000); 28 U.S.C. § 1921; 28 C.F.R. § 0.114(a)(3). Therefore, the undersigned recommends that Plaintiff's request for $75.00 in service of process fees be denied in part to the extent that Plaintiff be limited to $65 for the service on Defendant. *See Regions Bank v. Roth*, No. 8:16-cv-468-T-36CPT, 2018 WL 3213331, at *4 (M.D. Fla. June 13, 2018) ("Because [the

movant's] submission does not indicate the hourly rate of the private process server, I find that [the movant] should be awarded $65.00 for costs associated with service of the Summons and Complaint."). Copies of materials "necessarily obtained for use in the case" are also proper taxable costs under § 1920(4). The undersigned therefore recommends that Plaintiff's request for $25 in copying costs be granted.

Accordingly, it is **RECOMMENDED** that:

1. Plaintiff's Motion for Default Judgment Against Defendant (Dkt. 8) be **GRANTED in part** and **DENIED in part** to the extent stated herein.
2. The Clerk be directed to enter judgment in favor of Plaintiff and against Defendant as to Count I in Plaintiff's Complaint (Dkt. 1).
3. The Court dismiss the collective action allegations in the Complaint.
4. Plaintiff be awarded $4,275 in unpaid overtime wages and an additional equal amount in liquidated damages, totaling $8,550.
5. Plaintiff be awarded $492 in costs.
6. The Clerk be directed to enter judgment in favor of Plaintiff and against Defendant in the amount of $9,042.

7. The Court find that Plaintiff is entitled to reasonable attorney's fees and direct Plaintiff to file a supplemental motion on the amount thereof in accordance with Middle District of Florida Local Rule 7.01(c).

**IT IS SO REPORTED** in Tampa, Florida, on January 24, 2022.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Thomas P. Barber
Counsel of Record